UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

URSULA COOPER HUNTER,

       Plaintiff,

**COMPLAINT**

**TRIAL BY JURY DEMANDED**

 -against-

POLICE ATHLETIC LEAGUE, INC.

       Defendants.
----------------------------------------------------------x

  Plaintiff, Ursula Cooper-Hunter, ("plaintiff") by her attorney, Kenneth W. Richardson for her Complaint against defendants, alleges the following:

  1. This is a civil rights action for declaratory relief, equitable relief, and monetary relief including back pay, front pay, compensatory and punitive damages and other relief to redress retaliation and discrimination in the terms and conditions of employment, based on plaintiff's sex or gender.

  2. Plaintiff files this action pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§2000e et seq.; the New York State Human Rights Law, and the New York City Administrative Code.

## JURISDICTION AND VENUE

  3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C, § 1331, 1343; and pursuant to the doctrine of pendent jurisdiction.

  4. Venue is properly laid in the Southern District of New York because virtually all of the acts and events and omissions giving rise to this action as set forth herein occurred in the Southern District.

  5. Plaintiff timely pursued all applicable administrative remedies. On or December 12, 2007 Plaintiff filed a charge with the New York State Division of Human

Rights Commission charging defendants with discrimination against her due to her sex or gender and charging retaliation for the filing of a prior discrimination complaint. A Notice Right to Sue letter, dated July 29, 2008, was received by Plaintiff through counsel on or about December 18, 2008; and this only after counsel was forced to make an information request to the EEOC for the file. Prior request by letter for the Notice of Right to Sue were not answered by the EEOC. Only when information was received by counsel from the information request was the Notice of Right to Sue provided and plaintiff became aware of its issuance. Note counsels incorrect address on the Notice of Right To Sue. This action is commenced within the 90 day requirement of receipt of the right to sue letter. Plaintiff contends the discrimination described herein to be continuous.

## PARTIES

6. Plaintiff, Ursula Cooper-Hunter, is a female employee of defendant. She is a resident of the State and City of New York, County of The Bronx. Plaintiff is a Center Director for defendant.

7. Defendant PAL is a corporation and exists pursuant to the laws of the State of New York, having its principal place of business in the County of New York, City and State of New York and is an employer under all applicable provisions in which plaintiff bases her claims.

8. At all relevant times herein plaintiff was an "employee" of defendants within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the New York State Human Rights Law and the New York City Administrative Code.

## FACTS

9. Plaintiff commenced her employment with the defendant in 1989. In the ensuing years, plaintiff worked her way up to Borough Director of Manhattan.

10. The problems started in or around December 2006 when Ms. Cooper-

Hunter was advised that she was going to be demoted in the coming year to the position of Center Director. Ms. Cooper-Hunter filed a discrimination complaint that same month. In January of 2007 Ms. Cooper-Hunter was, in fact, demoted to her current position of Center Director. Though she disagreed with the demotion Ms. Cooper-Hunter agreed to take it, in part because she was told that her salary would remain the same.

11. Despite this promise, in December 2007 Ms. Cooper-Hunter was advised that she was going to receive a salary decrease from about $62,657.92 per year to about $41,000.00 per year, effective January 2008, even though her position and duties as Center Director were not being changed.

12. Ms. Cooper-Hunter filed another complaint with the New York State Division of Human Rights in December 2007 and which has culminated in this action.

## FIRST CLAIM FOR RELIEF

13. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 12 of this Complaint with the same force and effect as if set forth herein.

14. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of her employment on the basis of her sex or gender in violation of Title VII.

15. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under federal law.

16. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## SECOND CLAIM FOR RELIEF

17. Plaintiff repeats and realleges each and every allegation contained in

Paragraphs 1 through 16 of this Complaint with the same force and effect as if set forth herein.

18. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of her is employment by retaliating against her for complaining about her discriminatory treatment.

19. Defendants engaged in these retaliatory discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under federal law.

20. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## THIRD CLAIM FOR RELIEF

21. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 32 of this Complaint with the same force and effect as if set forth herein.

22. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of her employment on the basis of her sex or gender in violation of The New York State Human Rights Law.

23. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under State law.

24. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## FOURTH CLAIM FOR RELIEF

25. Plaintiff repeats and realleges each and every allegation contained in

Paragraphs 1 through 25 of this Complaint with the same force and effect as if set forth herein.

26.  Defendants have discriminated against Plaintiff in the terms, conditions and privileges of her employment by retaliating against her for complaining about discrimination in violation of The New York City Human Rights Law.

27.  Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under City law.

28.  Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

### FIFTH CLAIM FOR RELIEF

29.  Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 28 of this Complaint with the same force and effect as if set forth herein.

30.  Defendants have discriminated against Plaintiff in the terms, conditions and privileges of her employment on the basis of her sex gender in violation of The New York City Human Rights Law.

31.  Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under State law.

32.  Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

### SIXTH CLAIM FOR RELIEF

33.  Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 32 of this Complaint with the same force and effect as if set forth

herein.

34.   Defendants have discriminated against Plaintiff in the terms, conditions and privileges of her employment by retaliating against her for complaining about discrimination in violation of The New York City Human Rights Law.

35.   Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under City law.

36.   Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that his Court enter judgment:

a)   declaring that the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§2000e et seq.; the New York State Human Rights Law, and the New York City Administrative Code.

b)   enjoining and permanently restraining these violations;

c)   directing Defendants to take such affirmative action as necessary to ensure that the effects of these unlawful acts and discriminatory employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)   directing Defendants to pay Plaintiff compensatory damages, and damages for her mental anguish, mental distress, humiliation, loss of reputation, and interest thereon, and all such other damages and remedies as may be available to the Plaintiff;

e)   awarding Plaintiff the costs and disbursements. Of this action, together with reasonable attorneys' fees, including, without limitation, all such fees as are provided by applicable law;

f)   awarding Plaintiff punitive damages against Defendant;

g)   retaining jurisdiction over this matter to assure full compliance with any Order of

this Court; and

h)      granting such other and further relief as to this Court seems just and proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
       February 3, 2009

_Kenneth W. Richardson_

Kenneth W. Richardson, Esq.(8701)
Attorney for Plaintiff
305 Broadway, Suite 402
New York, New York 10007
(212) 962-4277

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Ursula C. Hunter<br>4 Fordham Hill Oval, Apt. 17C<br>Bronx, NY 10468 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2008-01326 | Holly M. Woodyard,<br>Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)* **Charging Party to Pursue Matter in Court.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** **before you file suit may not be collectible.**

On behalf of the Commission

7/29/08

Enclosures(s)

Spencer H. Lewis, Jr.,
Director

*(Date Mailed)*

cc: **POLICE ATHLETIC LEAGUE, INC.**
34 ½ East 12th St.
New York, NY. 10003
Attn: Felix Urrutia

Lura Hess Bechtel Esq.
Hodgson Russ LLP
Guaranty Bldg. 140 Pearl St. Suite 100
Buffalo, NY. 14202

Kenneth W. Richardson esq.
305 Broadway Suite 100
Buffalo, NY. 14202